# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
|  | ) | |
| Plaintiff, | ) | |
| v. | ) | |
|  | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | Civil Action No. |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530-0001, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. ("Plaintiff" or "Judicial Watch") is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the agencies' responses to its requests and disseminates both its

findings and any responsive records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.

## STATEMENT OF FACTS

5. On February 14, 2017, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking the following:

> Any and all FD-302 forms and/or other records of interviews with Tom Blanoff (*sic*), prepared pursuant to the Federal Bureau of Investigation's [inquiry] into former Illinois Governor Rodney Blagojevich's misconduct in appointing a replacement to the U.S. Senate seat vacated by former President Barack Obama.

6. By letter dated March 15, 2017, the FBI acknowledged receipt of Plaintiff's request and assigned the request FOIPA Request No. 1368621-000. The letter, signed by Record/Information Dissemination Section Chief David M. Hardy ("Mr. Hardy"), also asserted that the request implicated a third-party's privacy interests and that Plaintiff "may receive greater access" to the requested records if it provided authorization and consent from the individual whose rights were implicated, proof of death, or justification that the public interest in disclosure outweighed the third-party's privacy interests.

7. By letter dated April 4, 2017, Plaintiff submitted supplemental information to the FBI demonstrating that public interest in disclosure of the requested records outweighed any third party's privacy interests in the records.

8. By letter dated April 20, 2017, signed by Mr. Hardy, the FBI denied Plaintiff's request, asserting, "You have not demonstrated sufficient public interest . . . Therefore, your request is being closed."

9. On April 28, 2017, Plaintiff submitted a timely administrative appeal of the denial of its request.

10. By letter dated June 7, 2017, Defendant affirmed its denial of Plaintiff's request.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

13. Plaintiff is being irreparably harmed by Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

14. Plaintiff has exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for and produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (2) require Defendant to demonstrate that it employed search methods reasonably calculated to uncover all records responsive to Plaintiff's FOIA request; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) award Plaintiff such other relief as the Court deems just and proper.

- 4 -

Dated:  May 7, 2018

Respectfully submitted,

*/s/ Lauren M. Burke*
Lauren M. Burke
D.C. Bar No. 1028811
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172
lburke@judicialwatch.org

*Counsel for Plaintiff*